UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

A&E ADVENTURES LLC,[1]                    Case No. 21-19272-LMI

        Debtor.

_____/

**APPLICATION OF THE DEBTOR FOR AN ORDER, ON AN INTERIM
BASIS, AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MELAND BUDWICK, P.A. AS ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

**(Emergency Hearing Requested)**

**Basis for Requested Emergency Hearing**

The Debtor respectfully request that the Court conduct a hearing on this Motion
consistent with Local Rule 9013-1(F). Delay in obtaining approval of counsel's
retention until a final hearing is scheduled will cause immediate and irreparable
harm to the Debtor inasmuch as the Debtor is a corporate entity which needs legal
counsel in order to handle first day motions. The Debtor respectfully requests that
the Court waive the provisions of Local Rule 9075-1 (B), which requires an
affirmative statement that a bona fide effort was made in order to resolve the
issues raised in this Motion, as the relief requested herein is urgent in nature and
does not lend itself to advance resolution.

A&E Adventures LLC ("**Debtor**"), by and through undersigned counsel, submits this

application ("**Application**") seeking entry of an Order of the Court, pursuant to § 327(a) of Title

11 of the United States Code, Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy

Procedure and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court

for the Southern District of Florida, authorizing the employment and retention of James C. Moon,

Esquire and the law firm of Meland Budwick, P.A. as attorneys for the Debtor effective as of the

---

[1] The Debtor's current mailing address is 5000 Oaks Rd, Unit H, Davie, FL 33314.  The Debtor's EIN is 43-2110385.

commencement of this Chapter 11 cases. In support of the Application, the Debtor respectfully represents as follows:

## I.    Jurisdiction and Venue

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are §§ 327(a), 328(a) and 330 of Title 11 of the United States Code ("***Bankruptcy Code***"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***") and Rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "***Local Rules***").

## II.    Background

4.    On September 24, 2021 ("***Petition Date***"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code.

5.    The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6.    The Debtor, operating as GameTime, is a family entertainment destination with fun indoor amusements offering a full-service dining experience and full liquor sports bar in Miami, Fort Myers, Daytona, Ocoee, Tampa and Kissimmee where customers can play over 100 interactive games in the Mega Arcade. Customers can enjoy a delicious lunch or dinner and watch any game on over 60 HDTV's. GameTime can also host large gatherings with full banquet services.

### III.    Relief Requested

7.    The Debtor desires to employ James C. Moon, Esquire (***"Mr. Moon"***) and the law firm of Meland Budwick, P.A. (***"MB"***) as general counsel in this Chapter 11 case.

8.    The Debtor has determined that it is necessary to engage attorneys with knowledge and experience in the areas of bankruptcy and litigation. Such legal counsel will enable the Debtor to carry out its duties in this Chapter 11 case and to assist in the administration of its estate. The Debtor, therefore, proposes to retain the law firm of MB as counsel in all phases of its Chapter 11 case.

9.    The Debtor has selected MB as its attorneys because of the firm's knowledge of the Debtor's business and financial affairs, and its extensive general experience and institutional knowledge, and, in particular, MB's recognized expertise with complex corporate bankruptcy cases under Chapter 11 of the Bankruptcy Code. MB has been actively involved in Chapter 11 cases in this and other districts for over 20 years.

10.    MB is familiar with the Debtor's business and financial affairs and is well qualified to provide the services required by the Debtor in connection with this Chapter 11 case. MB has served as counsel to the Debtor since September 2021 to provide services including advising the Debtor with respect to restructuring matters and assisting in the preparation of the Chapter 11 case.

11.    The Debtor firmly believes that MB, because of its experience in Chapter 11 cases, is well qualified and uniquely situated to represent the Debtor's interests and the interests of its estate. Accordingly, the Debtor believes that it will be unduly prejudiced if forced to retain counsel other than MB in connection with the prosecution of this Chapter 11 case. MB has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

the Debtor. As such, the Debtor believes that the retention of MB is in the best interests of its estate

and all parties in interest in this Chapter 11 case.

12.    Subject to the order of this Court, the Debtor proposes to employ MB to render

the following professional services, among others:

a)    advise the Debtor with respect to its powers and duties as debtor-in-possession and the continued management of its business operations;

b)    advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

c)    prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

d)    protect the interests of the Debtor and its estate in all matters pending before the Court; and

e)    represent the Debtor in negotiations with its creditors and other parties in interest, and in the preparation of a plan.

13.    To the best of the Debtor's knowledge, the partners, counsel and associates of MB

do not have any connection with, or any interest adverse to the Debtor, its creditors, or any other

party in interest, or their respective attorneys and accountants, except as set forth in the Declaration

of James C. Moon, Esquire ("***Moon Declaration***") attached as **Exhibit A**.

14.    Based upon the Moon Declaration, the Debtor submits that MB is a "disinterested

person" as such term in defined in Bankruptcy Code § 101(14), as modified by Bankruptcy Code

1107(b).

15.    MB intends to apply to the Court for allowances of compensation and

reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with this

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

Chapter 11 case on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, including the guidelines established by the United States Trustee for the Southern District of Florida ("***Guidelines***") and any further orders of this Court.

16.    Prepetition, MB was paid the following amounts from the Debtor, A&E Adventure LLC:

a)    $110,000 on September 22, 2021; and
b)    $18,157.50 on September 24, 2021.

On the Petition Date, there was a post-petition fee retainer of $81,842.50 and cost retainer of $10,000 on hand.

17.    Pursuant to Local Rule 2014-1(A), a copy of the executed Legal Representation Agreement is attached as **Exhibit B**.

### Basis for Relief Requested

18.    Pursuant to this Application, the Debtor seeks entry of an order authorizing the employment and retention of MB as attorneys for the Debtor effective as of the Petition Date, pursuant to Bankruptcy Code §§ 327(a) and 330, Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1 and 2016-1. Pursuant to Bankruptcy Code § 328(a), the Debtor further requests that the Court approve the retention of MB under a general retainer, as its attorneys, in accordance with MB's normal hourly rates in effect at the time services are rendered and normal reimbursement policies.

## V.    <u>Authority for Relief Requested</u>

19.    The Debtor seeks retention of MB as its attorneys pursuant to Bankruptcy Code §

327(a), which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.    The Debtor seeks retention of MB under a general retainer pursuant to § 328(a) of

the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [May] employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a)

21.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

22.    The Debtor submits that for all the reasons stated above and in the Moon

Declaration, the retention of MB as counsel to the Debtor is warranted. Further, as stated in the

Moon Declaration, MB is a "disinterested person" within the meaning of Bankruptcy Code section

101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest

adverse to the Debtor's estate and has no connection to the Debtor, its creditors or its related parties

6

except as may be disclosed in the Moon Declaration. Accordingly, the retention of MB as counsel to the Debtor should be approved.

23.    Moreover, delay in obtaining approval of MB's retention until a final hearing is scheduled will cause immediate and irreparable harm to the Debtor inasmuch as the Debtor is a corporate entity which needs legal counsel in order to handle first day motions. As such, the Debtor seeks entry of an order, on an interim basis, approving the retention of MB and scheduling a final hearing to consider the Application.

WHEREFORE, the Debtor respectfully requests entry of an Order in the form attached hereto as **<u>Exhibit C</u>** (i) authorizing the employment and retention of James C. Moon, Esquire and the law firm of Meland Budwick, P.A., as general counsel to the Debtor in this chapter 11 case, effective as of to the Petition Date, on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330; (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 27, 2021.

A&E Adventures LLC
By: s/Mike Abecassis  (e-filed with consent)
        Mike Abecassis, its Managing Member

E-filed by:

 s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

A&E ADVENTURES LLC,[1]                    Case No. 21-19272-LMI

           Debtor.

_____/

**DECLARATION OF JAMES C. MOON IN SUPPORT
OF DEBTOR'S APPLICATION TO EMPLOY AND RETAIN
MELAND BUDWICK, P.A. AS ATTORNEY FOR THE DEBTOR
AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

James C. Moon, being duly sworn, says:

1.      I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.      I am a partner and employed by the law firm of Meland Budwick, P.A. (***"MB"***) with offices located at 200 South Biscayne Boulevard, Suite 3200, Miami, Florida 33131.

3.      I am familiar with the matters set forth herein and make this declaration (***"Declaration"***) in support of the application (***"Application"***) of A&E Adventures LLC (***"Debtor"***) for authority to employ and retain MB as attorneys for the Debtor, effective as of the Petition Date. MB proposes to charge its normal hourly rates in effect from time to time and in accordance with MB's normal reimbursement policies, in compliance with Bankruptcy Code sections 327(a), 328(a) and 330, and to provide disclosure required under Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (***"Bankruptcy Rules"***) and Rules 2014-1 and 2016-1 of

---

[1] The Debtor's current mailing address is 5000 Oaks Rd, Unit H, Davie, FL 33314.  The Debtor's EIN is 43-2110385.

EXHIBIT A

the Local Rules for the United States Bankruptcy Court for the Southern District of Florida ("***Local***

***Rules***").

4.      MB has served as counsel to the Debtor since September 22, 2021. MB is familiar

with the Debtor's business and financial affairs and is well qualified to provide the services

required by the Debtor in connection with this Chapter 11 case.

5.      To the best of my knowledge and information, no member of MB has an interest

materially adverse to the interests of the Debtor's estate or to any class of creditors or equity

security holders of the Debtor, by reason of any direct or indirect relationship to, connection with,

or interest in, the Debtor, as specified in subparagraph (C) of Section 101(14) of the Bankruptcy

Code, or for any other reason.

6.      MB neither holds nor represents any interest adverse to the Debtor and is a

"disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      MB discloses the following "connections": None

8.      Neither I nor our firm has or will represent any other entity in connection with this

case, and neither I nor our firm will accept any fee from any other party or parties in this case,

except the Debtor, unless otherwise authorized by the Court.

9.      Prepetition, MB was paid the following amounts from the Debtor, It'Sugar LLC:

a)      $110,000 on September 22, 2021; and
b)      $18,157.50 on September 24, 2021.

On the Petition Date, there was a post-petition fee retainer of $81,842.50 and cost retainer of

$10,000 on hand.

10.     The professional fees and costs incurred by MB in the course of its representation

of the Debtor in this case shall be subject in all respects to the application and notice requirements

of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rule 2014 and 2016.

11.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by MB, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12.     No attorney at MB holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

13.     No attorney at MB is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

14.     No attorney at MB is in control of the Debtor.

15.     No attorney at MB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

16.     No attorney at MB has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within three years before the Petition Date.

17.     No attorney at MB has any other interest, direct or indirect, that may be affected by the proposed representation.

18.     Except as set forth herein, no attorney at MB has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, or any matters in which the firm is to be engaged, except that I, MB, or our attorneys, (i) may have appeared in the past, and may appear in the future, in other

cases in which one or more of such parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors, in matters unrelated to this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2021.

*s/James C. Moon*
JAMES C. MOON



MELAND | BUDWICK
ATTORNEYS AT LAW

Solomon B. Genet
sgenet@melandbudwick.com

September 21, 2021

***Via Electronic Mail***
A&E Adventures, LLC
c/o Michael Abecassis
ma@aa.bz

## LEGAL REPRESENTATION AGREEMENT

**Re:**    Chapter 11 Voluntary Petition of A&E Adventures, LLC

Dear Mr. Abecassis:

We are pleased that A&E Adventures, LLC (***"Client" or "you(r)"***) has engaged Meland Budwick, P.A. (the "***Firm***") to perform legal services on your behalf. We have found that clients generally appreciate a clear statement and agreement regarding the services that we will perform and the basis upon which they will be expected to pay for these services. This Agreement is intended to set forth our understanding as to the nature and scope of the services we have agreed to render, the amount of our fee for those services, the manner in which our fees will be determined, and the terms on which we will be paid. This Agreement is not a guaranty on the outcome of the matter and because of the uncertainty of legal proceedings, the interpretation and changes in the law and other unknown factors, the Firm cannot predict the outcome of any case.

1.    <u>Nature of Legal Service</u>. You have engaged us to consult with and advise you on the benefits and detriments of filing a voluntary Chapter 11 bankruptcy petition, to address other options you may wish to consider enabling you to resolve your financial issues, and ultimately file a Chapter 11 bankruptcy petition in the event you choose to do so. If you wish to have the Firm represent you in other matters outside the scope of this representation, any such matter would have to be covered by a separate agreement.

2.    <u>No Guaranty</u>. The Firm agrees to provide you with conscientious, competent and diligent services and at all times will seek to achieve solutions which are just and reasonable for you. However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case.

3.    <u>Fee for Services</u>. We will charge for our services on the basis of our standard hourly rates, as in effect from time to time, based on the time records kept by us. It is our practice to charge for actual time expended on your behalf. Our hourly rates at the present time for those persons who we anticipate working on your behalf are as follows:

EXHIBIT B

A&E Adventures, LLC
c/o Michael Abecassis
Page 2

| | |
|---|---|
| Solomon B. Genet | $595 |
| James C. Moon | $525 |
| Meaghan E. Murphy | $395 |
| Paralegals | $185 - $265 |

These rates may adjust in January of each year and new rates may apply thereafter.

4.    Advances. The Firm requires a refundable advance retainer deposit in the amount of $100,000 plus a refundable advance cost deposit in the amount of $10,000[1] (the "***Advance Deposit***"). The Advance Deposit will be deposited into our Firm's Trust Account. Just prior to the filing of the Chapter 11 Voluntary Petition(s), a final pre-petition invoice shall be paid in full leaving the net amount of the Advance Deposit in our Firm's Trust which will be held in our Firm's trust account and will be disbursed pursuant to court approved fee applications.

5.    Source of Advances/Retainers. The Firm has advised the Client that we cannot accept any funds that could be subject to avoidance by a trustee in any bankruptcy case as a fraudulent transfer or conveyance. The Client represents and warrants that the funds used to pay the Firm's Advance Deposit or any other fees and expenses are not the property of any bankruptcy estate. The Client further acknowledges that this representation and warranty is material to the Firm, and any misrepresentation regarding the source of the Advance Deposit shall be a material breach of this Agreement.

6.    Costs. In connection with our engagement, we anticipate that certain expenses may be incurred and advanced by us on your behalf. These expenses may include, but are not limited to, our actual costs for expenses such as filing fees, services by outside consultants and vendors regarding electronically stored information (the Firm may utilize a third-party vendor such as Logikcull to handle electronically stored information for discovery review and production and the fees for Logikcull's services are $250 per month and $25 per uploaded GB), out of town travel and lodging expenses, delivery charges / messenger services, long distance telephone charges, special postage (overnight courier services, express mail, certified mail, etc.), facsimile transmissions, costs of investigation, computer-assisted research charges, secretarial overtime, court reporting, 15¢ per page for photocopies, and other incidental expenses. You agree to pay us for these various costs in addition to our fees for legal services. We reserve the right to withdraw should these costs not be paid. Further, we may ask that additional sums be deposited in our trust account should it appear necessary to cover such expenses, and we may pass along certain charges to you for direct payment to the vendor(s).

7.    Payment of Invoices. Bills will be rendered at least monthly for the time spent on this matter and for expenses incurred on your behalf. You agree to pay each monthly bill within ten days of receipt or as otherwise set forth pursuant to applicable Bankruptcy Court orders and procedures. If you have any disagreement about the amount of the bill, you must advise us in

---

[1] This pre-petition cost retainer includes the court required filing fee of $1,738 for the chapter 11 filing.

A&E Adventures, LLC
c/o Michael Abecassis
Page 3

writing within ten days; otherwise, you agree to the amount of the bill to the date of the billing statement. You acknowledge that the Firm is not allowed to accept a credit card payment for attorney's fees from a client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding.

8.    <u>Non-Payment of Fees and Costs</u>.  Unless we mutually reach another agreement regarding the payment of fees and costs, you understand that non-payment of any invoice for fees and costs within ten days of receipt or as otherwise set forth pursuant to applicable Bankruptcy Court orders and procedures will constitute a default and several different consequences will result from such non-payment.  These consequences include the following:

    a)    The Firm retains the right, in our sole and absolute discretion, to charge interest at the maximum legal rate.

    b)    The Firm may suspend further legal services, in which event you will be liable to the Firm for the payment of any fees earned and any costs incurred by us prior to that time.

    c)    In the event that the Firm is ultimately required to bring suit to collect any unpaid fees or costs, you agree to pay all reasonable attorney's fees and costs incurred.

    d)    Florida Law provides the Firm with the right to impose a lien upon documents, money and other intangibles and materials coming into the Firm's possession to receive the payment of its fees and expenses.  In addition, in order to secure the payment of our fees and costs, you agree to grant our Firm a charging lien on any judgment or recovery of any nature arising out of or related to the services we provide to you.

9.    <u>Records Retention</u>.  In the course of representing you, it is likely that numerous records and documents (originals and copies) will come into the Firm's possession and numerous additional documents will be generated by the Firm. Naturally, you may examine any written materials in the Firm's files at any time the Firm agrees prior to the termination of our representation, but you acknowledge that all of the Firm's work product is owned by the Firm. Upon the termination of the Firm's representation in connection with this engagement, we will retain our files for at least two (2) years, after which any written materials not returned to you may be destroyed by the Firm.  Your execution of this agreement constitutes your consent to this procedure.

10.    <u>Commencement of Representation</u>. If this arrangement is acceptable to you, please acknowledge your understanding and agreement by signing, dating and returning a copy of this Agreement to us.  Our representation will commence upon receipt of this executed agreement and payment of the Advance Deposit.

A&E Adventures, LLC
c/o Michael Abecassis
Page 4

11.    <u>Counter-Parts</u>.  The Parties may execute this Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted electronically shall have the same effect as original signatures.

12.    <u>Right of the Firm to Withdraw / Right of Client to Terminate</u>.  You will have the right to terminate the Firm's representation at any time, but the provisions of this Agreement related to payment and collection of fees and disbursements will not terminate.  The Firm will have the same right to terminate its representation at any time with or without cause, subject to the Firm's obligation to give you reasonable notice to arrange other representation. Withdrawal with cause shall be considered a Constructive Termination and is based on: (1) the Client's failure to behave in an ethical fashion; (2) the Client's failure to follow any pertinent orders or rules of the court, arbitration forum, or panel; or (3) the Client's failure to follow the Firm's advice or failure or refusal to cooperate with the Firm.  The Client's cooperation shall include, but not be limited to, providing the Firm with all accurate, material information pertinent to the representation and keeping the Firm advised of Client's current mailing addresses, telephone numbers, and other necessary contact information.

13.    <u>Procedure for Dispute Resolution</u>. With regard to any dispute relating to this representation, Client and the Firm hereby agree that this Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural. The parties agree that the sole and exclusive venue for any action in any way related to this Agreement shall be Miami-Dade County, Florida, and both parties expressly waive any objection or defense that such venue is an inconvenient or otherwise an improper forum for any dispute in any way related to this Agreement. Both parties waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in Miami-Dade County, Florida. Both parties agree to accept service of process via certified mail, Federal Express, United Postal Service, DHL, or by email to the addresses below.

| <u>To Client:</u> | <u>For the Firm:</u> |
|---|---|
| A&E Adventures, LLC<br>c/o Michael Abecassis<br>5000 Oakes Rd.<br>Unit H<br>Davie, FL 33314<br>ma@aa.bz | MELAND BUDWICK, P.A.<br>Attn: James C. Moon, Esq.<br>jmoon@melandbudwick.com<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone:     (305) 358-6363<br>Telefax:     (305) 358-1221 |

The parties hereby knowingly, irrevocably, voluntarily, and intentionally waive any right either may have to a trial by jury with respect to any action, defense, counterclaim, or other proceeding

A&E Adventures, LLC
c/o Michael Abecassis
Page 5

arising under or in any way related to this agreement. Any mediator so designated must be acceptable to all parties.

In the event of litigation between the parties arising out of or related to this agreement, the prevailing party shall be entitled to recover its costs, including reasonable attorneys' fees, expended in connection with such dispute from the non-prevailing party. This provision applies to fees and costs incurred both at the trial and appellate levels, including any petitions. Also per this provision, the prevailing party shall be entitled to recover not only those fees and costs incurred in conjunction with all efforts to achieve prevailing-party status and to determine the issue of entitlement to fees and costs, but also those fees and costs incurred in conjunction with all efforts to establish the proper amount of such fees and costs. The client agrees to compensate the Firm for the defense of any fee disputes.

      14.   <u>Waiver</u>.  A party's failure to insist on compliance or enforcement of any provision of this Agreement shall not affect the validity or enforceability or constitute a waiver of future enforcement of that provision or of any other provision of this Agreement by that party or any other party.

      15.   <u>Amendments</u>.  This Agreement may be amended at any time by mutual consent of the parties hereto, with any such amendment to be unenforceable unless in writing, signed by the Firm and you.

      16.   <u>Applicable Law</u>.  This Agreement shall be governed for all purposes by the laws of the State of Florida.  If any provision of this Agreement is declared void, such provision shall be deemed severed from this Agreement, which shall otherwise remain in full force and effect.

      17.   <u>Electronic Discovery and Retention of Documents</u>.  Various rules and regulations require that once a party reasonably anticipates litigation or has knowledge that litigation is pending, all documents, including electronic documents, pertaining to the litigation must be properly retained.  If you have a routine document destruction policy, you must immediately suspend it, implement a litigation hold (as discussed below), and ensure that all relevant data is safeguarded against destruction moving forward.  As your attorney, we will oversee and guide you through these efforts.

      In view of these obligations, we have created the attached template litigation hold letter ("***Litigation Hold Letter***"), which generally explains those documents that must be retained. You are required to immediately identify those employees who may have relevant documents ("***Document Custodians***") and locate where potentially relevant documents are stored.  The identified Document Custodians must understand their document-retention obligations; we will assist you as needed in educating the Document Custodians on their obligations.  You must ensure that all of the Document Custodians and IT personnel receive the Litigation Hold Letter, and ensure that all relevant documents are preserved.  You must also follow up with all Document Custodians throughout the litigation to ensure that all potentially relevant documents

A&E Adventures, LLC
c/o Michael Abecassis
Page 6

are being properly preserved.  It is likely that you will need to involve your IT personnel throughout this process.  We will need to understand how your records management program operates, including how long and where records are stored, and you will need to provide us documentation to reflect all actions taken on your part to ensure that all relevant data is preserved, including evidence that you have distributed the Litigation Hold Letter as required.

If at any time you have any questions about your document-retention obligations, including electronic storage issues, please do not hesitate to contact us. By executing this agreement, you acknowledge your document-retention obligations and that you have read and understood the contents of this Paragraph.

18.    <u>Disclaimer Regarding Tax Consequences</u>. Please be advised that the Firm is not tax counsel and will not provide you with any advice regarding any of the tax consequences associated with the resolution of the matters related to our retention.  To determine any such tax consequences or implications, you should consult your particular tax advisor. A non-exclusive list of matters that you may wish to discuss with your tax advisor would be the implications of cancellation of debt income, the tax consequences of a "short sale" of a parcel of real estate as opposed to a foreclosure, how foreclosures (and deeds in lieu of foreclosure) are taxed, and the tax consequences of receiving or paying any amounts to settle litigation or to satisfy a judgment. By executing this retainer agreement you acknowledge that you have read and understood the contents of this paragraph.

19.    <u>Nonclients</u>. The Firm represents the Client only and does not represent the Client's officers, directors, members, managers, employees, subsidiaries, affiliates, founders, partners (whether general or limited), spouses, domestic partners, parents or children unless specifically set forth herein.

We appreciate your confidence in our Firm and we assure you that we shall make every effort to perform our services in a prompt and efficient manner.

Very truly yours,

*s/Solomon B. Genet*
Solomon B. Genet

SBG/gv
cc:    James C. Moon, Esq.

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM

A&E Adventures, LLC
c/o Michael Abecassis
Page 7

**CONCLUSION**

If the above correctly reflects the understanding reached between the Firm and you regarding the terms and conditions of the Firm's representation, please sign this Agreement where indicated below, return it to our office along with any required funds described above payable to Meland Budwick, P.A., and upon receipt of this signed Agreement and the Advance Deposit, the Firm officially shall commence its representation.

We appreciate the trust and confidence you have shown us in retaining the Firm to represent you, and we look forward to what we hope will be a favorable resolution of this matter.

**BY SIGNING BELOW, I REPRESENT THAT I HAVE AUTHORITY TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY INDICATED ABOVE MY NAME, AND I REPRESENT THAT I HAVE READ, UNDERSTAND, AND AGREE TO ALL OF THE TERMS SET FORTH IN THIS AGREEMENT.**

REVIEWED, ACKNOWLEDGED AND ACCEPTED on September 27 2021.

A&E Adventures, LLC

By: _____

Its: C.E.O.
_____

Print Name:  Michael Abecassis

[A&E Adventures, LLC]

TO:         ALL PERSONNEL

FROM:

RE:        Retention of Documents Relating To [LITIGATION MATTER]

DATE:


[DESCRIBE LITIGATION]. As a party to this lawsuit, we are obligated to preserve and gather all documents, including electronic documents, which may relate to [LITIGATION MATTER].

Please thoroughly search all of your files, wherever located, for such documents, including, but not limited to:

- Memos
- Letters
- Reports
- Charts
- Tables
- Drawings
- Graphs
- Photographs
- Handwritten or typewritten notes
- Computer and electronic files (including, but not limited to, files on laptop computers, desk top computers, floppy discs, hard drives, zip drives, memory cards, personal digital assistants, handheld wireless devices, and cellular telephones)
- Emails
- Text messages
- Voice messages
- Invoices
- Accounting Records
- Contracts
- Agreements
- Back up files preserving computer and electronic files
- Back up files preserving any of the above communication which have been "deleted"
- Communications of any other kind

Please immediately provide these documents to _____.  These documents may not be destroyed, recycled, deleted or otherwise disposed of.  Destruction of such documents, whether in hard copy of electronic medium, can lead to judicial sanctions.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                 Chapter 11

A&E ADVENTURES LLC,[1]               Case No. 21-19272-LMI

          Debtor.
_____/

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF MELAND BUDWICK, P.A. AS
ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE AND SETTING FINAL HEARING**

**THIS MATTER** came before the Court on _____, 2021 at __:__ _.m. upon

the *Application of the Debtor for an Order, on an Interim Basis, Authorizing the Employment*

*and Retention of Meland Budwick, P.A. as Attorneys for the Debtor and Debtor In Possession*

*Effective as of the Petition Date* [ECF No. __] (the ***"Application"***), pursuant to § 327(a) of Title

11 of the United States Code (the ***"Bankruptcy Code"***), Rules 2014(a), 2016 and 6003 of the

---

[1] The Debtor's current mailing address is 5000 Oaks Rd, Unit H, Davie, FL 33314. The Debtor's EIN is 43-2110385.

1

EXHIBIT C

Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*) and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the *"Local Rules"*); the Court having reviewed the Application, the declaration of James C. Moon, Esq. in support of the Application, (the *"Moon Declaration"*); the Court being satisfied based upon the representations made in the Application and the Moon Declaration that (a) James C. Moon and Meland Budwick, P.A. ("*MB*") do not hold or represent an interest adverse to the Debtor's estate and (b) James C. Moon and MB are a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code and Local Rule 2014-1; due and proper notice of the Application having been provided, and after due deliberation and sufficient cause appearing therefore, it is accordingly

**ORDERED AND ADJUDGED** as follows:

1.      The Application is **GRANTED** on an interim basis, effective as of the Petition Date.

2.      A&E Adventures, LLC, (the "*Debtor*") is authorized to employ and retain MB as its general counsel in the Chapter 11 case in accordance with the terms and conditions set forth in the Application and this Interim Order.

3.      MB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.      The Court shall conduct a final hearing (the "*Final Hearing*") on the Application on _____, at _____, prevailing Eastern Time, before this Court, at the C. Clyde

Atkins United States Courthouse, 301 North Miami Avenue, Courtroom _____, Miami, FL 33128. Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which objections shall be served upon (a) the Debtor; (b) MB; (c) the Office of the United States Trustee for the Southern District of Florida; (d) the entities listed on the Master Service List, if any, filed pursuant to Local Bankruptcy Rule 2002-1(K); and (e) counsel to any Official Committee of Unsecured Creditors Committee, to the extent one is appointed prior to the Final Hearing (collectively, the "***Notice Parties***") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at 4:30 p.m., prevailing Eastern Time.

5.      Notice will be provided to all parties by mailing a copy of this Interim Order setting the Final Hearing upon all parties on the Master Service List pursuant to Local Rule 2002-1 (H), Designation of Master Service List in Chapter 11 Cases.

6.      In the event the Application is not granted on a final basis, MB shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing. Any party in interest may object to the fee application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

7.      The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Application and the record.

3

9.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the Final Hearing.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 9382111
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
*Counsel for the Debtor*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:     (305) 358-6363
Telefax:         (305) 358-1221

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.